UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60362-CIV-LEONARD
MAGISTRATE JUDGE P.A. WHITE

AYON LEOPOLD VALENTINE SKYERS,:

        Plaintiff,      :

v.                  :        REPORT OF

                      MAGISTRATE JUDGE

SHERIFF AL LAMBERTI,    :

        Defendants.    :

_____

The pro-se plaintiff, Ayon Leopold Valentine Skyers, has filed a pro-se civil rights complaint, pursuant to 42 U.S.C. §1983. The plaintiff filed this complaint on behalf of himself and other inmates in the Broward County Jail. The plaintiff filed a motion to proceed in forma pauperis on his own behalf and has his motion has been granted. (DE#5)

This civil action is before the Court for an initial screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915.[1]

II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

_____

[1] A complete copy of the complaint shall be scanned into the Court's docket.

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

*   *   *

(B) the action or appeal –

*   *   *

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

2

<u>Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

   <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

Sufficiency of the Complaint
Class Action

In the first instance, the plaintiff seeks certification for this case to proceed as a class action. The district court is accorded broad discretion in determining whether a suit should proceed as a class action. There are four prerequisites which must be satisfied to allow certification of a class: (1) the class is so

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). The burden is on the party seeking class certification to establish his right to do so, and all four of the prerequisites must be satisfied. Once the plaintiff has satisfied the requirements of Fed.R.Civ.P. 23(a), he must demonstrate that the class he seeks to represent falls within one of the sub-categories of Fed.R.Civ.P. 23(b). Avery v. Powell, 695 F.Supp. 632, 643 (D.N.H. 1988).

The plaintiff has not pleaded all of the prerequisites of Fed.R.Civ.P. 23(a) and (b).

Moreover, one of the factors the Court must consider in determining the adequacy of representation is the qualification and experience of the person actually conducting the litigation. Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class, thereby preventing others from later raising the same claims. See Williams v. Bennett, 689 F.2d 1370, 1381-82 (11 Cir. 1982), cert. denied, 464 U.S. 832 (1983). Often the ability of the class representative to protect the interests of the class depends on the quality of counsel. Gonzales v. Cassidy, 474 F.2d 67, 72-73 (5 Cir. 1973). Because a layman does not ordinarily possess the legal training and expertise needed to protect the interests of the proposed class, the Courts are loath to certify a class represented by a pro se litigant. In the seminal case of Oxendine v. Williams, 509 F.2d 1405, 1407 (4 Cir. 1975), the Court held that it was error to permit an imprisoned litigant who is unassisted by counsel to

represent his fellow inmates in a class action. Accordingly, the plaintiff may not be permitted to pursue this case as a class action.

Denial of Access to the Courts

The plaintiff alleges that he has been denied access to the Courts, and seeks injunctive relief. He contends that inmates at the County Jail are restricted to one request form every nine days and are limited to four items. He further contends that inmates with immigration holds are not appointed counsel, and must do their own research. He states that on July 2, 2009, Judge Hurley permitted him fifteen days to file a writ of habeas corpus in case no. 09-12786, and informed him he would be assigned a public defender. As of February of 2011, the date the complaint was filed, he contends he has not heard from a public defender.

Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983). This right also extends to detainees, including pretrial detainees pending trial, Love v. Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

The right to have effective access to the courts includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993.

Nevertheless, where a prisoner or detainee's claim that he has been denied access to the courts involves an alleged deprivation of access to resources other than _Bounds_' core concern of actual legal assistance, courts require him to demonstrate that he suffered an actual injury as a result. _Chandler v. Baird_, 926 F.2d 1057 (11 Cir. 1991), and cases cited at 1062 n. 3; _see also_, _Strickler v. Waters_, 989 F.2d 1375 (4 Cir. 1993), and cases cited at 1382 n. 10; _Sands v. Lewis_, 886 F.2d 1166 (9 Cir. 1989); _Hoppins v. Wallace_, 751 F.2d 1161 (11 Cir. 1985).

In other words, to prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. _Jenkins v. Lane_, 977 F.2d 266, 268 (7 Cir. 1992), quoting _Shango v. Jurich_, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. _Martin v. Davies_, 917 F.2d 336, 338 (7 Cir. 1990), _cert. denied_, 501 U.S. 1208 (1991).

In the case of _Lewis v. Casey_, _supra_, the Supreme Court made clear that not just any prejudice will suffice. In _Lewis_, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved, _Id._, 116 S.Ct. at 2179-80. Additionally, the Court stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." _Id._, at 2181. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which

7

he sought "to vindicate 'basic constitutional rights.'" <u>Id.</u> at 2181-82 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579 (1974)). In this case, Skyers argument is unavailing. He is permitted access to a law library, albeit a restricted access.

To further bolster his argument, he claims that on July 2, 2009, Judge Hurley permitted him fifteen days to file a writ of habeas corpus in case no. 09-12786, and informed him he would be assigned a public defender. As of February of 2011, the date the complaint was filed, he contends he has not heard from a public defender.

This argument too, fails to state a claim. There is no constitutional right to counsel for post-conviction collateral attacks. <u>See</u>: <u>Pennsylvania v Finley</u>, 481 US 551 (1987). Further, a search of the Broward County cases indicates that the plaintiff was convicted of a misdemeanor in case no. 09-12786 and the case was closed. There is no evidence in this Court's docket that the plaintiff attempted to file a habeas corpus petition. The plaintiff does not state whether he attempted to exhaust his issues in the state courts. At this juncture, a petition would probably be barred by the statute of limitations.

Further, research at the County Jail Detention site indicates that the plaintiff was arrested on July 2, 2010, in case no. 09-1614CF for aggravated assault with a deadly weapon, and is awaiting trial. Additionally, a state hold has been issued in case no. 04-513 for drug charges, also pending trial. Any issues related to these cases, or to the status of his immigration hold should be directed to the attorney assigned to him in these cases. The plaintiff has failed to demonstrate a claim of denial of access to the Courts.

III. <u>Recommendation</u>

It is therefore recommended that this complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 29th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ayon Leopold Valentine Skyers, <u>Pro-se</u>
     North Broward Detention Center
     Address of record

9